# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Michael Tyrone Simpson<br><br>Defendant. | Case Nos.: 97-cr-02903-BTM<br>16-cv-01509-BTM<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY**<br><br>**ECF NO. 105** |

Michael Tyrone Simpson ("Defendant") has filed a motion to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 105). For the reasons discussed below, the Court denies Defendant's § 2255 motion.

## I. BACKGROUND

On April 9, 1998, Defendant was convicted on two counts: **(1)** armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and **(2)** use and carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). (ECF Nos. 7, 57). For the first count, Defendant was sentenced as a Career Offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2. His armed bank robbery conviction was categorized as a "crime of violence" and his two prior

convictions of robbery in violation of California Penal Code § 211 and selling/furnishing marijuana in violation of California Health & Safety Code § 11360(a) were respectively categorized as "crime of violence" and "controlled substance offense" predicates. Accordingly, Defendant was sentenced to the statutory maximum of 300 months. (ECF No. 63). For the second count, Defendant's instant armed bank robbery conviction was also categorized as a "crime of violence" and he was sentenced to a mandatory 60-month consecutive term, for a total term of imprisonment of 360 months. (ECF No. 63).

On June 26, 2015, the Supreme Court decided *Johnson*, in which it held that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. On October 19, 2015, the Ninth Circuit decided *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31, 195 L. Ed. 2d 902 (2016), expanding the holding of *Johnson* beyond the ACCA context so as to render void-for-vagueness the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b). On March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), limiting the reach of *Johnson* by ruling that the Sentencing Guidelines (and therefore § 4B1.2(a)'s residual clause), because of their discretionary nature, were not subject to void-for-vagueness challenges. However *Beckles* did not foreclose such challenges in cases where the defendant was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory (as was the case with Defendant).

Defendant filed the instant § 2255 motion on June 1, 2016. (ECF No. 105). Defendant argues that the reasoning of *Johnson* applies to the residual clause definition of "crime of violence" in U.S.S.G. §§ 4B1.1 and 4B1.2 and 18 U.S.C. § 924(c)(1). Accordingly, he first moves to vacate his sentence as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, arguing that his instant and predicate

convictions[1] for 18 U.S.C. § 2113(a) and (d) and California Penal Code § 211 can no longer be considered "crimes of violence." Second, he moves to vacate his sentence under 18 U.S.C. § 924(c)(1), similarly arguing that his armed bank robbery conviction can no longer constitute a "crime of violence."

**II. DISCUSSION**

28 U.S.C. § 2255 provides that a prisoner in custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

A. <u>Career Offender Designation under U.S.S.G. §§ 4B1.1 and 4B1.2</u>

At the time Defendant was sentenced, § 4B1.1 provided that a defendant was a career offender if he was at least 18 years of age, if the instant offense was a felony that was a "crime of violence," and if he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Nov. 1, 1997). At the time, § 4B1.2(a) defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (Nov. 1, 1997). Subsection (a)(1) is generally called the "elements clause," the first half of subsection (a)(2) is the "enumerated offenses clause," and the second half of (a)(2) is the "residual clause."

---

[1] Defendant does not dispute that his conviction for selling/furnishing marijuana in violation of California Health and Safety Code § 11360(a) was a "controlled substance offense" for purposes of Career Offender sentencing.

i. <u>Armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is a "crime of violence" for purposes of Career Offender designation</u>

Defendant contends that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) can only be a "crime of violence" under the residual clause of § 4B1.2, which, if *Johnson* applies, is void-for-vagueness. However the Ninth Circuit, in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), has already established that federal armed bank robbery is a "crime of violence" under the elements clause of § 4B1.2. The Ninth Circuit explained that § 2113(a) "requires, at the very least, either 'force and violence' or 'intimidation,'" defining "'intimidation' under section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Id.* at 751. Subsequent unpublished Ninth Circuit decisions confirm this categorization of § 2113(a). *See United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. May 23, 2016) ("[i]n *Selfa*, we held that [§ 2113(a)] qualifies as a crime of violence under U.S.S.G. § 4B1.2," explaining "that 'intimidation' . . . satisfies the requirement of a 'threatened use of physical force' under § 4B1.2"); *United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. June 10, 2016) ("[n]otwithstanding the residual clause in section 4B1.2(a)(2), each of [defendant's] prior crimes of conviction[, including § 2113(a),] categorically qualifies as a 'crime of violence' under the remainder of the definition provided in section 4B1.2(a)"). Because § 4B1.2's residual clause is not implicated, *Johnson* is inapplicable.

ii. <u>CA Penal Code § 211 is a "crime of violence" for purposes of Career Offender designation</u>

Defendant next argues that California Penal Code § 211 can only be a "crime of violence" under the residual clause of § 4B1.2, which, if *Johnson* applies, is void-for-vagueness. However the Ninth Circuit has already categorized a violation of § 211 as falling under the enumerated offenses clause of § 4B1.2(a).

In *United States v. Becerril-Lopez*, 541 F.3d 881, 890-93 (9th Cir. 2008), the

Ninth Circuit held that § 211 was a "crime of violence" for purposes of U.S.S.G. § 2L1.2 because it lists generic "robbery" and "extortion" among several specific offenses in its definition of "crime of violence." § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. "Fear" is defined as either "the fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family" or "the fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212. The Court acknowledged that § 211's definition of robbery, which includes mere threats to property, "is broader than generic robbery—one of the crimes listed in § 2L1.2—because it encompasses takings accomplished by a broader range of threats than would the generic offense." *Becerril-Lopez*, 541 F.3d at 891. However, "takings through threats to property and other threats of unlawful injury fall within generic extortion, which is also defined as a crime of violence." *Id.* Therefore the Court "conclude[d] that if a conviction under [§ 211] involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." *Id.* at 892.

In *United States v. Barragan*, 871 F.3d 689, 713-14 (9th Cir. 2017), the Ninth Circuit applied its reasoning in *Becerril-Lopez* to find § 211 to be a categorical "crime of violence" for purposes of U.S.S.G. § 4B1.2(a).[2] The Court explained that the Sentencing Guidelines' "career offender provision defined 'crime of violence'

---

[2] Defendant argues against this categorization by citing *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), which held that § 211 was not categorically a "violent felony" for purposes of the ACCA. However the Ninth Circuit rejected *Dixon*'s applicability to Defendant's present situation involving § 211 and § 4B1.2. *See Barragan*, 871 F.3d at 714 ("[i]n *Dixon*, however, we distinguished *Becerril-Lopez* on the ground that the Act did not expressly include both robbery and extortion in its definition of 'violent felony.' That distinction is not applicable here; the commentary to the career offender provision [of § 4B1.2] included both crimes").

to include 'extortion,' and its commentary specified that 'robbery'[3] is also included. Thus, a conviction under California Penal Code § 211—which necessarily involves either generic robbery or generic extortion—was categorically a 'crime of violence' for purposes of the career offender provision." *Id.* The Ninth Circuit has repeatedly confirmed this categorization of § 211. *See United States v. Powell*, 2017 WL 3971465, at *2 (9th Cir. Sept. 8, 2017) (recognizing that in *Becerril-Lopez*, the Ninth Circuit "held California Penal Code § 211 was broader than generic robbery, but nevertheless held a conviction under § 211 was a crime of violence under the categorical approach because takings through threats to property . . . fall within generic extortion") (internal quotations omitted); *United States v. Biddles*, 2017 WL 3912737, at *1 (9th Cir. Sept. 7, 2017) ("[the Ninth Circuit has] already specifically determined that a violation of § 211 is categorically a crime of violence because any conviction under that section is either generic robbery or generic extortion"); *United States v. Love*, 693 F. App'x 692, 693 (9th Cir. July 17, 2017) (§211 is a crime of violence under the Sentencing Guidelines because "[defendant] necessarily committed either generic robbery or generic extortion, both of which are enumerated crimes of violence. Accordingly, his conviction is a categorical crime of violence") (internal citations omitted); *United States v. Tate*, 659 F. App'x 386, 388 (9th Cir. August 9, 2016) ("*Becerril–Lopez* controls here: [defendant], who committed robbery under § 211, necessarily committed either generic robbery or generic extortion, which are both listed as crimes of violence in §§ 4B1.2(a)(2) and 4B1.2's Application Note 1. U.S.S.G. § 4B1.2 app. n.1. Thus, [defendant]

---

[3] Even though "robbery" is mentioned in the commentary of § 4B1.2(a) rather than in the text itself, the Ninth Circuit has treated it as an enumerated offense for purposes of defining "crime of violence." *See Powell*, 2017 WL 3971465, at *2 ("The term 'crime of violence' is defined by reference to the definition provided in § 4B1.2(a) and Application Note 1 of its commentary. Although robbery is not mentioned in the text of § 4B1.2(a)(2), it is mentioned in Application Note 1 of that section. This commentary is 'authoritative,' not only because the definition provided in § 2K2.1's commentary expressly refers to § 4B1.2's commentary, but also because commentary that is harmonious with federal law and the text of the Guidelines is binding") (internal citations omitted).

categorically committed a crime of violence").[4]

Because Defendant's instant and predicate robbery offenses qualify as "crimes of violence" under the enumerated offenses clause, his motion to vacate on this ground is denied.

B. "Crime of Violence" Under 18 U.S.C. § 924(c)

Defendant also moves to vacate his conviction and sentence for violating 18 U.S.C. § 924(c), which criminalizes possession of a firearm in furtherance of a "crime of violence." For purposes of § 924(c), "crime of violence" is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to subsection (A) of § 924(c)(3) as the "force clause," and subsection (B) as the "residual clause."

Here, the predicate "crime of violence" supporting Defendant's conviction and sentence under § 924(c) was his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Defendant argues that federal armed bank robbery can only be a "crime of violence" under the residual clause of § 924(c)(3), which, if *Johnson* applies, would be void-for-vagueness. But *Johnson* is inapplicable as the Ninth Circuit has already held that § 2113(a) and (d) armed bank robbery falls under the "force clause" of § 924(c)(3). As the Ninth Circuit explained in *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), for purposes of § 924(c), "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of [§ 2113(a)] is a taking 'by force and violence, or by intimidation.'" *See United*

---

[4] *Powell*, *Love*, and *Tate* held that § 211 was a "crime of violence" under U.S.S.G. § 2K2.1. § 2K2.1 defines "crime of violence" as "having the meaning given that term in [U.S.S.G. § 4B1.2] and its Application Note 1." *Love*, 693 F. App'x at 693.

*States v. Cross*, 691 F. App'x 312 (9th Cir. May 15, 2017) ("we held in [*Wright*] that armed bank robbery in violation of § 2113(a) & (d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c). No intervening authority has overruled these precedents"); *United States v. Pritchard*, 692 F. App'x 349, 351 (9th Cir. May 18, 2017) (affirming a § 924(c) conviction with a § 2113(a) and (d) predicate because "[the Ninth Circuit has] twice held that armed bank robbery in violation of § 2113(a) qualifies as a crime of violence"); *United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. March 14, 2017) ("[u]nder our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)").

Because Defendant's conviction for federal armed bank robbery remains a "crime of violence" under § 924(c), his motion to vacate his conviction on this ground is denied.

## C. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court need not, and does not, address the government's contention that Defendant's motion is procedurally barred. Defendant is granted a certificate of appealability on all claims. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

Dated: November 20, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court